IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

FELIPE ANTONIO GARCIA,

    Plaintiff,

v.

MELVIN BUSH CONSTRUCTION, INC.,
a Florida profit corporation, and
MELVIN A. BUSH, individually,

    Defendants.
_____/

## COMPLAINT

COMES NOW the Plaintiff, FELIPE ANTONIO GARCIA, [hereinafter referred to as "Garcia" or "Plaintiff"] by and through his undersigned attorney, hereby files this lawsuit against Defendants MELVIN BUSH CONSTRUCTION, INC., a Florida profit corporation, [hereinafter referred to as "MBC" or "Defendant] and MELVIN A. BUSH, [hereinafter referred to "Bush" or Defendant] individually, and as grounds therefore alleges as follows:

## JURISDICTION

1. This is an action for damages as a result of wages owed and is brought pursuant to the Fair Labor Standards Act 29 U.S.C. §201, et seq. ["The Act"] for unpaid overtime under §207.

2. This court has federal jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b).

3. Defendant, MBC, has a principal place of business located at 2748 SW Casella Street, Port Saint Lucie, Florida 34953.

4. Upon information and belief individual Defendant, Bush, is believed to be a resident of Saint Lucie County, Florida.

9. This cause of action arose in Saint Lucie County, Florida.

10. Saint Lucie County, Florida is proper venue for this action because Defendants are located in Saint Lucie County, and at all times material hereto, Plaintiff was employed by and had dealings with Defendants in Saint Lucie County, Florida.

11. Defendants, and each of them, failed to pay Plaintiff the mandatory wages as required under state and federal law.

12. Defendants, and each of them, have annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

13. Defendants, and each of them, at all times material hereto, were an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

## JOINT EMPLOYERS

14. Defendant Bush is a joint employer of Plaintiff as that term is defined under the FLSA.

15. Defendant Bush was engaged in the operational control of Plaintiff and otherwise was involved in the payment of wages to Plaintiff.

16. Defendant Bush acted directly and/or indirectly in the interest in relation to the Plaintiff.

17. Defendant Bush, an individual, is the current President of Defendant MBC (See true and correct copy of Florida Department of State Division of Corporations Information on Melvin Bush Construction, Inc. attached hereto as Exhibit "A.")

## COMMON ALLEGATIONS

18. Plaintiff was employed with Defendants from on or about April 2003 up to and including his separation on July 13, 2015.

19. Plaintiff last position he held with Defendants was a foreman with duties that included supervision of the crew, scheduling work, drive work truck, pick up supplies, concrete work, laying sod and heavy lifting.

20. Defendants, failed to pay Plaintiff the mandatory wages as required under state and federal law.

21. Plaintiff regularly worked over forty (40) hours in a given work week.

22. Defendants failed to pay Plaintiff overtime as required by Federal law.

23. Plaintiff is a non-exempt employee under the FLSA.

24. Plaintiff was not paid time and one half his hourly rate for hours worked over forty (40) in a work week.

25. Plaintiff's job duties were such that he himself was individually engaged in commerce.

## COUNT I
## UNPAID OVERTIME
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207
## MELVIN BUSH CONSTRUCTION, INC

Plaintiff re-alleges Paragraphs 1 through 25 as set forth herein.

26. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

27. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks they were employed with the Defendant.

28. Plaintiff worked in excess of forty (40) hours per week without being compensated for any overtime benefits by the Defendant.

29. Defendant, failed to compensate Plaintiff up to one and a half times his hour hourly rate for all worked performed in excess of forty (40) hours.

30. The Defendant's, failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.  Plaintiff is aware of hours for which he was not compensated in the preceding period of time.

31. Defendant's failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

32. As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to represent him in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.  As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

33. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages.

34. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against the Defendant as follows:  The Plaintiff be awarded general and compensatory damages,

liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded other and further relief as the Court deems just and proper.

### COUNT I
### UNPAID OVERTIME
### IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207
### MELVIN BUSH

Plaintiff re-alleges Paragraphs 1 through 25 as set forth herein.

35. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

36. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks they were employed with the Defendant.

37. Plaintiff worked in excess of forty (40) hours per week without being compensated for any overtime benefits by the Defendant.

38. Defendant, failed to compensate Plaintiff up to one and a half times his hour hourly rate for all worked performed in excess of forty (40) hours.

39. The Defendant's, failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.  Plaintiff is aware of hours for which he was not compensated in the preceding period of time.

40. Defendant's failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

41. As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to represent him in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.  As a result, Plaintiff

is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

42. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages.

43. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against the Defendant as follows: The Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded other and further relief as the Court deems just and proper.

Plaintiff further demands trial by jury.

Dated this 2nd day of June 2016.

        SCOTT WAGNER & ASSOCIATES, P.A.
        Jupiter Gardens
        250 South Central Boulevard
        Suite 104-A
        Jupiter, FL 33458
        Telephone: (561) 653-0008
        Facsimile: (561) 653-0020

        s/Cathleen Scott
        Cathleen Scott, Esq.
        Florida Bar No. 135331
        Primary e-mail: CScott@scottwagnerlaw.com
        Secondary e-mail: mail@scottwagnerlaw.com
        Secondary Address: 101 Northpoint Parkway
        West Palm Beach, FL 33407
        www.ScottWagnerLaw.com